## SUPREME COURT.

### JAMES SHORT agt. HORACE HOOKER and RICHARD GALLAGHER.

In an action against the sureties on a bail bond given on an arrest, where the sheriff has made return of an execution against the body of their principal that he cannot be found, an answer that the judgment against the principal has been reversed and set aside by an appellate court, furnishes a good defense.

Where the reversal was before the expiration of the time to answer, it was properly set up as a defense, if it had not been made till after judgment had passed against the defendants the court would relieve them on motion.

*Jefferson Special Term, November 15, 1870.*

THIS was an action upon an undertaking of bail given to discharge a defendant from arrest.

The complaint alleges that in January, 1869, one William Barry was duly arrested upon an order of arrest at the suit of the plaintiff herein. That the defendant executed the undertaking required by the Code, and Barry was thereupon discharged from the arrest. That in April, 1870, judgment was recovered in the action in favor of the plaintiff for $1,750, damages and costs, and duly docketed in the Jefferson county clerk's office. That an execution against the property of Barry was issued to the sheriff of that county and returned wholly unsatisfied. That thereupon an execution was issued against his person, and the sheriff made return thereon, that said Barry was not to be found within the county. The complaint also alleged that the defendant in said suit before judgment was rendered therein, departed from this state, and had not since returned, and demanded judgment against the defendants, the sureties on the bond, for the amount of the recovery against Barry with interest and costs. The defendants answered, and denied all the

allegations in the complaint, and for a second and separate defense, alleged in substance that the defendant in the original judgment, duly appealed therefrom to the general term, and that the judgment was reversed, vacated and set aside.

The plaintiff demurred to the second defense, and insisted that the reversal of the judgment was no defense in an action on the undertaking. That the defendants must avail themselves of that by motion to the court to exonerate them as bail, and not by answer.

N. WHITING, *for the plaintiff,*

Cited, in support of the demurrer, 24 *Wend.,* 275 ; 12 *Barb.,* 610 ; 7 *How.,* 37 ; 22 *Wend.,* 612 ; 4 *Johns.,* 406 ; 12 *Abb.,* 81.

D. O'BRIEN, *for defendants,*

Cited *Tappan* agt. *Van Wagner,* 3 *Johns.,* 465 ; *Mechanics' Bank* agt. *Hazard,* 9 *Johns.,* 392 ; *Graham's Prac.,* 432 ; 2 *East.,* 439 ; 13 *Wend.,* 514.

MORGAN, J.—I am of opinion that the answer furnished a good defense to the suit, upon the bail bond against the sureties. There is no longer any record of judgment against the principal, the same having been set aside by the appellate court.

It was long ago resolved that if an action of escape be brought against the sheriff, but the judgment upon which it is founded be reversed before such time as the defendant is forced to plead, he may plead *null tiel record,* (*Bacon's Ab., Title Error, M.* 3, *p.* 121.) If, after judgment in *scire facias* against bail, the judgment against the principal is reversed, this is no reversal of the judgment against the bail, because it is a collateral judgment by itself. But it is

added that in such case, the bail may be relieved by *audita querela*, (*Id., p.* 122). Now an *audita querela* would not lie for matter that could be pleaded as a bar to the action, for if it could be pleaded it was the party's own fault, and therefore, he shall not be relieved, that the pleadings may not be endless, (1 *Bacon's Ab., Title, "audita querela,"* 424).

I conclude from these authorities, that as the reversal of the judgment against the principal was before the time to answer the complaint expired, the defendants were required to set it up in their answer, in order to avail themselves of the defense. If judgment had passed against the defendants, before an opportunity occurred to set up the defense, the court would doubtless relieve them on motion.

The defendants are entitled to judgment on the demurrer, with leave to the plaintiff to amend his complaint upon payment of the costs of the demurrer within twenty days.